O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE IWUAGWU, DONALD IWUAGWU, <br><br> Plaintiff, <br><br> v. <br><br> PNC MORTGAGE, FEDERAL HOME LOAN MORTGAGE, <br><br> Defendants. | Case No. CV 13-02908 DDP (MANx) <br><br> **ORDER REMANDING ACTION** |

    Plaintiffs filed a Complaint in state court for wrongful eviction, breach of fiduciary duty, breach of contract, emotional distress, and harassment.  In the Notice of Removal, Defendants assert that the amount in controversy has been met because "the loan which is the subject of the Complaint was in the amount of $380,000.00."  (¶ 7.)

    A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ."  28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of

1 $75,000, exclusive of interest and cost, and is between . . .
2 citizens of different states." 28 U.S.C. § 1332(a). The removal
3 statute is strictly construed against removal jurisdiction, and
4 federal jurisdiction must be rejected if any doubt exists as to the
5 propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
6 Cir. 1992). A removing defendant bears the burden of establishing
7 that removal is proper. Id.

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" the required amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996). In other words, Defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Id.

Here, Defendants use the full value of the loan as the amount in controversy. However, none of the causes of action - wrongful eviction, breach of fiduciary duty, breach of contract, emotional distress, and harassment - implicates the value of the loan, nor do Plaintiffs seek an amount certain in the Complaint. Defendants do not give any measure of the potential value of the causes of action or any evidence that such value exceeds $75,000, as is required to establish diversity jurisdiction under 28 U.S.C. § 1332.

//
//
//
//
//

2

For these reasons, the court finds that Defendants have not met their burden to show that the amount in controversy requirement has been met, and that as a result the court lacks jurisdiction. The court REMANDS the action to state court. Accordingly, Defendant's Motion to Dismiss (Dckt. No. 8) is VACATED as moot.

IT IS SO ORDERED.

Dated: August 7, 2013

DEAN D. PREGERSON
United States District Judge

cc: Los Angeles Superior Court, North District
Michael D. Antonovich Antelope Valley
Courthouse, Lancaster, No.MC024092